UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:16-CR-100 |
| | ) | |
| CHRISTIAN DESKINS | ) | |

## MEMORANDUM AND ORDER

*Pro se*, the defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Docs. 286, 287].  The United States has responded in opposition to the motion [docs. 296, 300], and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration.  For the reasons stated below, the defendant's motion for compassionate release will be denied.

## I.    BACKGROUND

In October 2017, the Honorable Pamela L. Reeves sentenced the defendant to a 120-month term of imprisonment for conspiring to distribute methamphetamine.  The defendant is presently housed at FCI Ashland with a projected release date of January 4, 2025.  *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 1, 2020).  The defendant now moves for compassionate release due to the COVID-19 pandemic, asthma, hepatitis C, and his rehabilitative efforts.

## II.  COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and

compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020) (Guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files

2

a motion for compassionate release.").[1]  "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision."  *Id.* at 11.

## A. Exhaustion

The defendant has previously submitted a request to the BOP which was construed as one for compassionate release, and more than 30 days have passed since that request was received by the warden.  [Doc. 287].  The Court thus has authority under § 3582(c)(1)(A) to address the instant motion.  *See Alam*, 960 F.3d at 832.

## B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, asthma, hepatitis C, and his rehabilitative efforts.  Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors.  Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

BOP medical records submitted by the United States show that the defendant has indeed been diagnosed with hepatitis C. [Doc. 300]. However, those records also state that his viral load is undetected, with no evidence of active infection. [*Id.*] Additionally, the medical records make no mention of an asthma diagnosis. [*Id.*]. While the defendant claims to have been diagnosed with asthma at "a young age" and with hepatitis C in 2011 [doc. 286, p. 2], in his Presentence Investigation Report ("PSR") interview the defendant "reported his health as good, stating he is not under the care of a physician, and is not taking any prescription medications." [Doc. 94, ¶ 46]. Further, the defendant's BOP SENTRY Report shows that he is categorized as Care Level 1. "Care Level 1 inmates are less than 70 years of age *and are generally healthy*. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Dec. 1, 2020) (emphasis added).

In the instant case the defendant distributed "large quantities of crystal methamphetamine," obtaining "one to three *pounds*" of methamphetamine from his supplier "every day." [Doc. 94, ¶¶ 13-14] (emphasis added). These crimes took place in 2016, long after the purported asthma and hepatitis C diagnoses. The remainder of the defendant's criminal history is a 2015 theft conviction followed by a probation violation and a conviction for failure to appear. [*Id.*, ¶¶ 33-34]. His history of polysubstance abuse dates back to age 16. [*Id.*, ¶¶ 47-49].

The defendant's SENTRY Report shows that he currently works on a prison manufacturing detail and has taken some educational courses. To date, he has incurred no disciplinary sanctions. These facts are appreciated by the Court. Conversely, while categorizing him as a low security inmate, the BOP presently rates the defendant as having a medium risk of recidivism. Also, despite his significant substance abuse history, SENTRY disappointingly shows that the defendant has "no interest" in drug treatment.

The Court has considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion. Having done so, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. Compassionate release in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of the defendant.

The defendant has not shown that his health conditions are as serious as alleged. He distributed a substantial amount of methamphetamine in this case—causing incalculable

6

harm to the community—notwithstanding those purported health problems.  The defendant has a history, albeit brief, of noncompliance with court requirements post-arrest, and a significant percentage of his sentence remains unserved.  For these reasons, his motion will be denied.

### III.  CONCLUSION

As provided herein, the defendant's motion for compassionate release, as supplemented [docs. 286, 287], is **DENIED**.

**IT IS SO ORDERED.**

ENTER:


_____
s/ Leon Jordan
United States District Judge